BECKRIDGE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103905.   Promulgated September 17, 1941.

*Colman Gray*, *Esq.*, for the petitioner.
*Charles Oliphant*, *Esq.*, for the respondent.

OPINION.

DISNEY: This proceeding involves income and excess profits tax liability and penalties for the year 1937. The Commissioner determined income tax in the amount of $3,598.44, excess profits tax in the sum of $2,045.58, and added a 15 percent penalty in the amount of $846.60. All of said amounts are in dispute except that it is stipulated that delinquency penalties shall attach to any deficiencies which may be found. The question involved is whether the basis

of property sold in the taxable year by petitioner is to be adjusted by considering depreciation actually incurred in previous years, in which the petitioner had no income with which to offset such depreciation.

The parties filed a stipulation of facts and by reference we adopt such stipulated facts as our findings of fact herein. Such facts, so far as necessary for consideration of the issue involved, may be summarized as follows:

Petitioner is a domestic corporation, organized under the laws of New York, and filed its Federal income tax return for the taxable year 1937 in the third New York collection district. The petitioner acquired in 1931 certain real estate. No depreciation thereon was ever deducted either on the petitioner's books of account or on its Federal income tax returns from the date of the acquisition of the property to and including the taxable year 1937. In each of the same years the petitioner operated at a net loss. In the taxable year the property was sold. The cost exceeded the sale price. The petitioner therefore in its income tax return claimed a capital loss. The respondent computed a capital gain by reducing the cost basis of the property by the amount determined by him to have been the depreciation allowable on the property.

The only question presented for our solution is whether the Commissioner properly reduced the cost basis by allowable depreciation for previous years despite the fact that during those years the petitioner operated at a net loss and had no taxable income; for the parties stipulate that in the event the Board determines that the cost basis should be reduced by depreciation allowable, where not taken, the deficiencies are in the amounts as set forth above.

This general question has received the attention of the Supreme Court of the United States in *United States* v. *Ludey*, 274 U. S. 295, of the Circuit Court of Appeals for the Third Circuit in *Pittsburgh Brewing Co.* v. *Commissioner*, 107 Fed. (2d) 155, and of the Circuit Court of Appeals for the Second Circuit in *Hardwick Realty Co.* v. *Commissioner*, 29 Fed. (2d) 498. In *United States* v. *Ludey, supra*, the Court, *inter alia*, speaking of depreciation upon property, says, "When the plant is disposed of after years of use, the thing then sold is not the whole thing originally acquired. The amount of the depreciation must be deducted from the original cost of the whole in order to determine the cost of that disposed of in the final sale of properties." In *Hardwick Realty Co.* v. *Commissioner, supra*, the court had for interpretation section 234 (a) of the Revenue Act of 1918; that section allowed as deductions in the computation of net income, "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." The petitioner had purchased certain premises in 1915 and sold them

in 1920. During two of the years during which the premises were owned by the petitioner its receipts exceeded its expenditures (exclusive of deduction for depreciation), while in the other two years its receipts were less than expenditures. It had no source of income other than the premises involved. During each of the four years the petitioner had claimed deductions for depreciation on the property, in the total amount of $22,784.03. The Commissioner increased the profit reported upon the sale by adding the amount of the depreciation reported and claimed, and the result was the deficiency in issue. The petitioner contended that depreciation allowances should be used in figuring gain derived from the sale of property only in the years during which the taxpayer actually received credit for depreciation by a reduction of taxable income. The court was of the opinion that "not only does this contention misconceive the theory upon which depreciation is used in computing the gain derived from a sale of property, but it has been definitely determined adversely to the appellant by the Supreme Court in *United States* v. *Ludey*, 274 U. S. 295, * * *." The court further, after quoting from *United States* v. *Ludey*, *supra*, says:

* * * The theory that each year a certain amount of the property is used up, so that only the balance remains thereafter to be sold, renders entirely unimportant whether the operation of the property produces a profit or a loss during a given year. If the loss by depreciation—that is, the wear and tear—cannot be recouped for tax purposes, by using it to reduce gross income because the income is not enough, that loss cannot be reserved for use in a future year, except to the limited extent permitted by section 204 (b) of the act, and to the extent permitted the taxpayer's loss in 1919 was used to diminish its taxable income in 1920. But the fact that the taxpayer does not get the benefit of the deduction in his yearly tax does not mean that the loss was not sustained, nor that his capital assets were not correspondingly reduced. * * *

On the other hand, *Pittsburgh Brewing Co.* v. *Commissioner*, *supra*, involved interpretation of section 113 (b) (1) (B) of the Revenue Act of 1932, which provided for the adjustment of basis for determining gain or loss from sale or other disposition of property for exhaustion, wear and tear and obsolescence "to the extent allowed (but not less than the amount allowable)." The petitioner, though not expressly citing the case, cites *Pittston-Duryea Coal Co.* v. *Commissioner*, 117 Fed. (2d) 436, which refers thereto. Since the *Pittston-Duryea Coal Co.* case involved an election of depreciation method, we can not agree with the petitioner that it is helpful here. The *Pittsburgh Brewing Co.* case, however, requires attention. Therein the court considered and interpreted the word "allowed" in section 113 of the Revenue Act of 1932 and concluded that depreciation is not "allowed" unless it is actually taken as a deduction against taxable income. The court refers to and quotes from the Report of the Committee on Ways and Means of the House of Representatives, reading in part as follows:

* * * The Treasury has frequently encountered cases where a taxpayer, who has taken and been allowed depreciation deductions at a certain rate con-

sistently over a period of years, later finds it to his advantage to claim that the allowances so made to him were excessive and that the amounts which were in fact "allowable" were much less. * * *

The court concludes that the Committee referred to a situation where a taxpayer having had benefit of a larger depreciation deduction than was properly allowable to him, claims, upon sale of the property, that only the smaller depreciation properly allowable to him should be considered in adjusting the basis of his property; and the court considers that the provisions of the Revenue Act of 1932 were designed to prevent the possibility of double deduction thus obtained, and that double benefit is not received where the depreciation originally claimed offsets no taxable income. With all respect for the views of the court, it seems to us that the language of the Revenue Act of 1932 "to the extent allowed (but not less than the amount allowable)" requires adjustment of basis, first of all to the amount allowable, and, secondly, in case a greater amount has actually been allowed, to the "extent allowed", but that in any event the "amount allowable" must be used as an adjusting figure, regardless of whether there has been allowance or effect upon taxable income.

It seems clear that prior to the Revenue Act of 1932 the language of previous statutes permitted the use, as an adjusting figure, of any "amount allowable" as depreciation and that the Act of 1932 did not change the situation in that regard, but only took care of the situation where a larger amount had been allowed to the taxpayer, in which case that amount was used as the adjusting figure. We can not disregard the parenthetical expression "(but not less than the amount allowable)." Allowable clearly means "that may be allowed"—Webster's New International Dictionary. We conclude that the Revenue Act of 1932 did not alter the statutory power of the Commissioner to adjust bases of property sold by the amount allowable as depreciation, that is, by the amount which might have been allowed, and that it is immaterial whether claim was made therefor, actual allowance thereof made, or whether benefit thereof was or could be obtained in the previous taxable years. Any other conclusion, it seems to us, would be contrary to the rationale of *United States* v. *Ludey, supra*, and *Hardwick Realty Co.* v. *Commissioner, supra*. In addition thereto we note *Kittredge* v. *Commissioner*, 88 Fed. (2d) 632, to the effect that amounts deductible for depreciation in ascertainment of gain or loss from sale of property are independent of whether deductions were claimed therefor in the taxpayer's annual returns.

In *Herder* v. *Helvering*, 106 Fed. (2d) 153, it is held that in determining the adjusted cost basis of property sold it is immaterial whether petitioners availed themselves of allowable deductions for depreciation in their prior tax returns. "Failing to take deprecia-

tion when it occurs in the prior taxable years does not prevent its inclusion in the determination of the adjusted cost basis of the property." It is true that in the *Kittredge* and *Herder* cases it does not appear whether or not the petitioners in the prior years had income from which depreciation might have been deducted, yet the lack of the appearance of such fact and the generality of the language used is indication that in the view of the two courts that fact would have been immaterial. See also *Jones* v. *Commissioner*, 72 Fed. (2d) 114.

We therefore conclude and hold that the petitioner has not shown error in the adjustment by the Commissioner of the basis of the property herein involved.

*Decision will be entered for the respondent.*