AMERICAN NATIONAL REALTY COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 106414.    Promulgated September 8, 1942.

*H. E. Kleinecke, Jr., Esq.*, for the petitioner.
*W. H. Payne, Esq.*, for the respondent.

#### OPINION.

BLACK: The Commissioner determined deficiencies of $2,823.28 and $15,227.97 in petitioner's income tax for the years 1938 and 1939, respectively.    He also determined a deficiency of $216.20 in petitioner's excess profits tax for the year 1939.

These deficiencies are due to several adjustments made by the Commissioner in the income tax returns filed by petitioner for the years 1938 and 1939.    Petitioner contests only two of these adjustments, and as to them it assigns error as follows:

I. The Commissioner erred in determining the adjusted cost basis of land sold in 1938 by reducing Petitioner's cost price by the amount of depletion. Petitioner deducted in its income tax returns in prior years of 27½% of the bonuses received from mineral leases on the land and in holding that Petitioner derived a taxable gain from the sale of $7,641.11 instead of $67.87.

II. The undisputed facts being that Petitioner during the years 1930 to 1936 inclusive deducted in its income tax returns for said years depreciation on cattle purchased for breeding purposes and that during each of said years Petitioner had net income tax losses in excess of the depreciation deducted for each year, the Commissioner erred in determining the adjusted cost basis of the cattle sold in 1939 by deducting from the actual cost Petitioner's depreciation reserve set up thereon for the years 1930 to 1936 inclusive.

The facts have all been stipulated, and we adopt the facts so stipulated as our findings of fact. A summary of these facts will suffice for the discussion which follows.

Petitioner is a corporation, duly incorporated under the laws of the State of Texas, with its principal office in Galveston, Texas, and it filed its income and excess profits tax returns for the taxable years 1938 and 1939 on a calendar year basis with the collector of internal revenue for the first district of Texas, at Austin, Texas.

*Adjusted Cost Basis of Land Sold in 1938.*

In 1922 petitioner purchased 2,139 acres of land in Matagorda County, Texas, for $21,331.33. At that time the land had no independent mineral cost and petitioner carried none on its books. During the years 1936 and 1937 petitioner leased the land in question for mineral purposes and received bonuses therefrom amounting to $27,539.05. Petitioner reported the bonuses as income for the two years in question and took percentage depletion of 27½ percent thereon aggregating $7,573.24 as deductions from gross income, which deductions were allowed by the Commissioner for the respective years. The amounts of the bonuses received and the amounts of depletion deductions taken and allowed thereon are as follows:

| Year | Bonuses received | Depletion deductions taken and allowed |
|---|---|---|
| 1936 | $8,362.60 | $2,299.72 |
| 1937 | 19,176.45 | 5,273.52 |
| Total | 27,539.05 | 7,573.24 |

In 1938 petitioner sold the land, including its interest in the oil leases, for $21,399.20. The leases were still in effect on December 31, 1938, and there was no production of minerals under the leases prior to that date.

Petitioner computed a capital gain from the sale of said land of $67.87, being the difference between the sale price in 1938 of $21,399.20 and the cost in 1922 of $21,331.33. The Commissioner adjusted the basis of $21,331.33 to $13,758.09, a difference of $7,573.24, being the amount of the depletion deducted and allowed in the two prior years, and determined a capital gain of $7,641.11 on the sale of the land.

*Adjusted Cost Basis of Cattle Sold in 1939.*

During the years 1930 to 1939, inclusive, petitioner purchased cattle for breeding purposes at a cost aggregating $124,254.13. During the year 1939 petitioner sold all of its cattle for $92,369.50. For the years 1930 to 1938, inclusive, petitioner, using a depreciation basis instead of an inventory basis, charged off depreciation on its cattle aggregating $105,210.29, which was deducted from gross income in its income tax returns for the respective years. The amounts of depreciation so deducted were reasonable and have never been adjusted by the Commissioner for any of said years. At the time the cattle were sold the aggregate amount of $105,210.29 appeared and was carried on petitioner's books of account as a reserve for depreciation. The years 1937 and 1938 are admitted to be gain years, and petitioner does not contest the propriety of adjusting the cost of cattle by the amounts of depreciation taken and allowed for those years, which amounts aggregated $11,632.17. During the years 1930 to 1936, inclusive, petitioner had net losses for income tax purposes in excess of the amount of depreciation on cattle deducted from gross income for the respective years. These latter amounts aggregated $93,578.12.

In determining the deficiency for the year 1939 the Commissioner determined that the depreciation claimed of $105,210.29, including the $93,573.12 claimed for the years 1930 to 1936 on the cattle in prior years, was reasonable, based upon the useful life of the cattle, and constituted an allowable deduction, which must be taken into consideration in computing the gain or loss from the sale of the cattle. The Commissioner thus determined a net gain of $73,325.66 from the sale of the cattle in 1939. The method used by the Commissioner in determining such gain is as follows:

| | | |
|---|---:|---:|
| Cattle sales, 1939 | | $92,369.50 |
| Cost | $124,254.13 | |
| Less: Depreciation sustained 1930 to 1938, inclusive | 105,210.29 | |
| Unrecovered cost | | 19,043.84 |
| Profit realized | | $73,325.66 |
| Loss claimed on income tax return | | 14,400.71 |
| Adjustment | | 87,726.37 |

We shall first take up assignment of error I. We think the issue raised by this assignment of error must be decided in favor of the respondent. When property is sold by a taxpayer the statute requires that certain adjustments shall be made to cost in arriving at the taxpayer's gain or loss on the transaction.

Section 113 of the Revenue Act of 1938 deals with the adjusted basis for determining gain or loss. The pertinent parts of that statute are printed in the margin.[1]

In the year 1922 the petitioner purchased 2,139 acres of land in Matagorda County, Texas, for the sum of $21,331.33. During the taxable years 1936 and 1937 petitioner granted certain mineral leases on the land and received bonus payments therefrom in the aggregate amount of $27,539.05. The amounts of these bonuses were reported by petitioner as gross income for the years 1936 and 1937, and deductions for depletion thereon aggregating $7,573.24 were taken by it at the rate of 27½ percent, permitted under the provisions of law applicable for those years, which deductions were allowed by the Commissioner. In the taxable year 1938 petitioner sold the land, including its interest in the leases, for $21,399.20. It is stipulated that in 1922, when petitioner acquired the land in question, it had no independent mineral cost and petitioner carried none on its books and that the sale of the land which petitioner made in 1938 also included its interest in the oil leases. The total original cost to petitioner of its combined interest in the land and oil leases sold was $21,331.33. Petitioner was allowed in 1936 and 1937 percentage depletion aggregating $7,573.24 on the oil bonuses which it received.

It seems to us that under these facts section 113 (b) (1) (B) requires that petitioner's original cost basis of the land and its mineral content must be adjusted by subtracting the depletion which was allowed in the prior years.

Petitioner points out in its brief that the bonuses which it received in 1936 and 1937 were in the nature of advanced royalties and cites authorities in support of that statement. We do not question the accuracy of that statement. The stipulation does not show what percentage royalty petitioner reserved in the oil leases when it made them in 1936 and 1937. Presumably it was the usual one-eighth royalty reserved to the landowner in such leases. But, whatever royalty interests were reserved by petitioner in these leases, it sold them along with the land in 1938.

If petitioner had sold only the land in question and had still retained its oil royalty interests, there might be merit in its position that the

---

[1] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property; except that—

\* \* \* \* \* \* \*

(b) ADJUSTED BASIS.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

(1) GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—

\* \* \* \* \* \* \*

(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this Act or prior income tax laws. \* \* \*

$7,573.24 depletion deduction taken in prior years should not be applied to reduce the cost basis of the land, because it was not the surface of the land which was depleted. It was bonus depletion, and an oil bonus, as we have already said, is in the nature of an advanced royalty. However, petitioner did not sell its surface rights in the land alone, but it also sold the interest which it had reserved in the oil leases. These facts, we think, when taken together, require the adjustment which the Commissioner has made. If adjustment were not made in the taxable year when petitioner sold its every interest in the land, when could it ever be made?

Petitioner makes the further contention that, even if the Board should hold that an adjustment must be made for the 27½ percentage depletion taken in prior years, the depletion deduction for 1936 should not be taken into consideration because it amounted to only $2,299.72, whereas petitioner's net loss for that year was $15,180.32. Therefore, says petitioner, its depletion deduction for 1936 did not avail it anything in reducing net income. In respect to this contention it should be pointed out that the 27½ percentage deduction which petitioner took against its receipts from oil bonuses in 1936 was an *allowable* deduction under the provisions of section 114 (b) (3) of the Revenue Act of 1936.

In *Beckridge Corporation*, 45 B. T. A. 131, we held that the cost basis of property must be adjusted for depreciation which was *allowable*, even though the taxpayer had not actually deducted such depreciation from net income on its income tax return in the year when it was incurred. This decision has been affirmed by the Second Circuit. See *Beckridge Corporation* v. *Commissioner*, 129 Fed. (2d) 318. We think that decision is controlling here as to the point raised by petitioner with particular reference to 1936 depletion.

We next discuss and decide petitioner's assignment of error II. The applicable statute in the determination of this issue is section 113 of the Revenue Act of 1938, printed in the margin above.

The amounts of depreciation on these cattle which petitioner deducted in its income tax returns in prior years are not in dispute. Also, it has been stipulated that:

* * * The amounts of depreciation so deducted by petitioner for the respective years 1930 to 1938, inclusive, were reasonable and have never been adjusted by the Commissioner for any of said years.

It is also agreed by the parties that for the years 1937 and 1938 petitioner got the full benefit of these depreciation deductions in the reduction of taxable income and that the adjustments made by the Commissioner for the depreciation taken by petitioner for those years should be sustained. It is also agreed by the parties that petitioner in all the years 1930 to 1936, inclusive, had net losses in excess of its depreciation deductions on its cattle, so that even if petitioner had taken no

deductions at all for depreciation on the cattle, it would still have had losses and would have owed no income taxes for those years. Therefore, the issue raised is one of law and not of fact. The issue, we think, has been decided against the contention of petitioner in our decision in *Beckridge Corporation, supra.*

This fact the petitioner concedes in its brief. The petitioner contends, however, that the Board erred in the *Beckridge* case, and that the court laid down the correct rule in *Pittsburgh Brewing Co.* v. *Commissioner*, 107 Fed. (2d) 155, and that under that decision the depreciation taken by petitioner on its income tax returns in its loss years of 1930 to 1936, inclusive, was neither allowed nor allowable; that the basis for determining petitioner's gain or loss from the sale of its cattle in 1939 should not be adjusted under section 113 (b) (1) (B) by deducting from petitioner's cost the depreciation of $93,578.12 claimed as deductions in the loss years; and that petitioner had a loss of $20,252.40 on its sale of cattle instead of a gain of $73,325.66 as the Commissioner has determined. We discussed the *Pittsburgh Brewing Co.* case in *Beckridge Corporation, supra*, and reached the conclusion that, despite certain language used by the court in the *Pittsburgh Brewing Co.* case, section 113 (b) (1) (B) required that an adjustment be made for depreciation allowable to the taxpayer in prior years, regardless of whether the taxpayer had actually deducted it from net income on its income tax returns. As already stated, our decision in the *Beckridge Corporation* case has been affirmed by the Second Circuit. On authority of that case we sustain the Commissioner on issue II.

*Decision will be entered for the respondent.*