Minnie Powell v. Commissioner.
Powell v. Commissioner
Docket No. 33031.
United States Tax Court
1952 Tax Ct. Memo LEXIS 328; 11 T.C.M. (CCH) 112; T.C.M. (RIA) 52032; February 8, 1952
*328 1. Where depreciation allowable exceeded the amount of depreciation allowed in previous years, held, in computing the adjusted basis for determining petitioner's loss on the sale of the store-apartment building the Commissioner did not err in using depreciation allowable under section 113(b)(1)(B) of the Internal Revenue Code. 2. Deduction for Federal excise taxes paid during 1947 and 1948 by petitioner, an employee, disallowed under section 23(c)(1)(F) of the Code. Jay Evens, Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The respondent determined deficiencies in the petitioner's income tax for the calendar years 1947, 1948, and 1949 in the respective amounts *329 of $146.89, $17.06, and $18.37. Certain adjustments made by respondent in the deficiency notices are not contested by petitioner. Two issues are presented for our decision: (1) whether the respondent erred in computing the adjusted basis of a building which was sold by petitioner during 1947, and (2) whether petitioner may deduct Federal excise taxes paid in 1947 and 1948. Findings of Fact The petitioner Minnie Powell, a resident of Nashville, Tennessee, filed her individual income tax returns for each of the taxable years 1947, 1948, and 1949 with the Collector for the District of Tennessee. During the taxable years involved petitioner was employed as a saleslady by Harvey's, a department store in Nashville, Tennessee. In computing the net income reported in her return for the year 1947, the petitioner claimed the amount of $6,120 as a deductible loss from the sale of real property. The property with respect to which the loss is claimed consists of a two-story stone building situated on the Murfreesboro Pike near Nashville, Tennessee. Construction of the building was begun by petitioner in 1919 and it was completed in 1920 at a cost of $14,000. The first floor was rented *330 and used as a store and the second floor was rented and used as apartments. Neither floor of the building was rented continuously from the date of completion to date of sale. The building had a useful life of 50 years. For the purpose of computing depreciation for the years prior to 1947, the petitioner used a cost basis of $2,500 and a depreciation rate of two per cent, based on a useful life of 50 years. For the year 1947, petitioner used a cost basis of $14,000, a depreciation rate of two per cent, and claimed a depreciation deduction $280of. The depreciation deduction as claimed by petitioner during all these years was allowed by the respondent. The allowable depreciation on the building computed at the rate of two per cent on the cost of $14,000 for the years 1920 through 1947, was in the total amount of $7,840. During the taxable year 1947, petitioner sold the property at the gross sale price of $6,500, and in so doing incurred expenses $560.82. Petitioner paid certain taxes amounting to $16 during 1947 and $4.16 during 1948, and these amounts were claimed by petitioner as deductions. On her individual income tax returns petitioner identified these taxes as amusement and *331 cosmetic taxes in 1947 and as picture show taxes in 1948. Opinion BLACK, Judge: The parties are in agreement as to the cost ($14,000) and the useful life (50 years) of the building sold by petitioner during 1947. The parties are not in agreement, however, as to the amount of depreciation to be used in computing the adjusted basis of the building. In computing the adjusted basis of the building for determining the amount of her loss in 1947, petitioner reduced the original cost by the amount of depreciation claimed and allowed in the total amount of $1,380. The building was sold for $6,500 and petitioner reported a loss of $6,120 from the sale. Respondent determined that petitioner sustained a loss of only $220.82, which amount was allowed in full as a deduction from petitioner's gross income during 1947. In determining the amount of the loss respondent gave effect to the expense of sale in the amount of $560.82, which was not used in the computation of the loss deducted on her tax return. The only controverted difference in two computations is in respect to the respondent's reduction of cost by the amount of $7,840 for depreciation, the amount of depreciation allowable. *332 Respondent contends that the adjusted basis of the building must be computed by reducing the cost of the depreciation allowable for the years 1920 to 1947, since the amount of depreciation allowable during each of those years is greater than the amount claimed and allowed. The respondent's position is supported by the applicable Code provision which is set forth in the margin, [1] and the cases as well. This Court had occasion in Beckridge Corporation, 45 B.T.A. 131, affirmed 129 Fed. (2d) 318, to consider the *333 same issue that is presented here. The taxpayer, a corporation, had operated at a loss during each year of its existence up to and including the taxable year. Though depreciation was incurred on certain property, the taxpayer had not deducted such depreciation on its Federal income tax returns. The property was sold in the taxable year. We held that the cost basis of the property sold must be adjusted by the depreciation allowable, though no income existed from which to deduct such depreciation. In the opinion of that case we discussed the meaning of "amount allowable" as used in the Code provision, and we need not repeat it here. In affirming, per curiam, the Court of Appeals said: "* * * the Board approved the commissioner's adjustment of the cost basis and confirmed the deficiencies. "Such adjustment was authorized by section 113(b)(1)(B) of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev. Code § 113(b)(1)(B), which specifically provides that the adjusted basis for determining the gain or loss from the sale of property shall be the cost with proper adjustment for depreciation, in respect of any period since February 28, 1913, 'to the extent allowed (but *334 not less than the amount allowable) under this Act [chapter] or prior income tax laws.' * * *" Our decision in Breckridge Corporation, supra, is not inconsistent with subsequent decisions of this or any other Court: Virginian Hotel Corporation v. Helvering ( 1943), 319 U.S. 523; A. L. Carter Co. v. Commissioner ( 1944), 143 Fed.(2d) 296, affirming B.T.A. Memorandum Opinion [2 TCM 1002,]; P. Dougherty Co. v. Commissioner ( 1946), 159 Fed. (2d) 269, affirming 5. T.C. 791. This provision of the statute requires an adjustment of the basis irrespective of any statute of limitations applicable to the year of deduction. We hold that respondent did not err in computing the amount of the loss incurred by petitioner from the sale. Since petitioner realized during the taxable year an adjusted gross income after deducting the loss in the amount determined by the respondent, the question of the loss carry-over is moot. Respondent did not err in disallowing the loss carry-over claimed by petitioner on her returns in each of the subsequent taxable years. On her income tax returns petitioner claimed as deductions on page three certain taxes *335 which were described as amusement and cosmetic taxes in 1947 and picture show taxes in 1948. At the hearing petitioner made no attempt to further identify these taxes. Neither the State of Tennessee nor the City of Nashville, where petitioner resided, levied taxes of the type described by petitioner. The taxes claimed as a deduction by petitioner were obviously the admissions tax levied by sections 1700-1704 of the Internal Revenue Code, and the toilet preparations tax levied by section 2402 of the Internal Revenue Code. Petitioner contends she is entitled to a deduction for these taxes. In respect to the deduction for taxes, section 23(c) of the Code is controlling and we are here concerned particularly with section 23(c)(1)(F) of the Code which provides: "SEC. 23. DEDUCTIONS FROM GROSS INCOME. "In computing net income there shall be allowed as deductions: * * *
"(c) Taxes Generally. - "(1) Allowance in general. - Taxes paid or accrued within the taxable years, except - * * *
"(F) Federal import duties, and Federal excise and stamp taxes (not described in subparagraph (A), (B), (D), or (E)), but this subsection shall *336 not prevent such duties and taxes from being deducted under subsection (a)." Subsection (a) of section 23 of the Code which is cited in the quotation above refers to the deduction allowed for trade or business expenses. Since petitioner offered no evidence indicating that she was engaged in a trade or business during 1947 and 1948, except as an employee, we hold that the respondent did not err in denying the deduction claimed by petitioner as taxes. Decision will be entered for the respondent. Footnotes
1. SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS. * * *
(b) Adjusted Basis. - The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided. (1) General Rule. - Proper adjustment in respect of the property shall in all cases be made - * * *
(B) in respect of any period since February 28, 1913, for exhaustion, wear and tear, obsolescence, amortization, and depletion, to the extent allowed (but not less than the amount allowable) under this chapter or prior income tax laws. * * *↩